# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY GENN, On her behalf and on the behalf of her daughter, SARAH ELIZABETH (KATIE) GENN,<br><br>     Plaintiff,<br><br> v.<br><br>NEW HAVEN BOARD OF EDUCATION; REGINALD MAYO, SUPERINTENDENT OF SCHOOLS; TYPHANIE JACKSON, DIRECTOR OF SPECIAL SERVICES; PATIRICA MOORE, SUPERVISOR OF SPECIAL SERVICES and KATHRYN CARBONE, PUBLIC HEALTH NURSE DIRECTOR,<br><br>     Defendants. | 3:12-CV-00704 (CSH) |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

In this action Plaintiff, the mother of a child with recognized learning disabilities, seeks judicial review, pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400-1482, and Conn. Gen Stat. § 10-76d and h among other authorities, of a decision and order rendered by the Defendant New Haven Board of Education, dated April 9, 2012, following an administrative hearing conducted by the Board.

The Rule 26(f) Report of the Parties' Planning Meeting [Doc. 14] recites at ¶ V.E.: "The Parties intend to file cross motion [*sic*] for summary judgment as appeals of IDEA cases are typically resolved on Motions for Summary Judgment."  That is an accurate description of the

manner in which litigation under the IDEA has evolved.  In the case at bar, that process has been

delayed because of a dispute about what the record on cross-motions for summary judgment

should consist of.  Specifically, Plaintiff wishes to supplement the administrative record with

additional evidentiary material.  Defendants contend that no additional evidence should be

received or considered.

The IDEA provides that in an action challenging an administrative decision, a district

court "(i) shall receive the records of the administrative proceedings; [and] (ii) shall hear

additional evidence at the request of a party."  20 U.S.C. § 1415(i)(2)(C).  District courts do not

automatically and uncritically grant any request by a party to submit evidence additional to that

contained in the administrative record.  "The taking of additional evidence is a matter . . . left to

the discretion of the trial court." *Lillbask ex rel. Mauclaire v. Sergi*, 193 F.Supp.2d 503, 506

(D.Conn. 2002).  In *Plainville Board of Education v. R.N.,* No. 3:09-CV-241, 2009 WL 2059914

(D.Conn. July 10, 2009), at *1, Magistrate Judge Martinez quotes the First Circuit, saying:

> [T]he Act contemplates that the source of the evidence generally
> will be the administrative hearing record, with some
> supplementation at trial.  The reasons for supplementation will
> vary; they might include gaps in the administrative transcript
> owing to mechanical failure, unavailability of a witness, an
> improper exclusion of evidence by the administrative agency, and
> evidence concerning relevant events occurring subsequent to the
> administrative hearing.  The starting point for determining what
> evidence should be received, however, is the record of the
> administrative proceeding.

(citation omitted).  Judge Martinez's thoughtful opinion in *Plainville* cautions that a court "must

be careful not to allow such evidence to change the character of the hearing from one of review

to a trial *de novo*," and recognizes that "admitting additional evidence creates a risk of making

the whole IDEA process more time consuming, as parties scramble[] to use the federal court
proceeding to patch up holes in their administrative case." *Id.* (citations and internal quotation
marks omitted).  "The party moving to submit additional evidence must establish that it is
relevant and necessary." *Id.* (citations omitted).

The proper exercise of a district court's discretion to admit additional evidence in an
IDEA review case is illustrated by the comprehensive opinions of Judge Kravitz in *A.S. v.
Trumbull Board of Education*, 414 F.Supp.2d 152 (D.Conn. 2006), and Magistrate Judge
Margolis in *Doe ex rel. Doe v. East Lyme Board of Education*, No. 3:11-CV-291, 2012 WL
1252695 (D.Conn. April 12, 2012).  In *Doe,* Judge Margolis was in a position, as Judge Kravitz
was not in *A.S.*, to discuss the most recent Second Circuit opinions on the question.  Significant
factors in the analysis include whether the proffered additional evidence is from witnesses who
testified at the administrative hearing or were available to do so; whether the evidence relates to
facts or circumstances in existence prior to the Board's administrative decision; or whether (in
contrast) the additional evidence, to quote Judge Margolis, "falls within the intent of *Burlington*
– that is, to permit supplementation of 'evidence concerning relevant events occurring subsequent
to the administrative hearing.'"  *Doe*, 2012 WL 1252695, at *7 n.19 (citing and quoting
*Burlington v. Department of Education for the Commonwealth of Massachusetts*, 736 F.2d 773,
790 (1st Cir. 1984), *aff'd on other grounds sub nom. School Committee of Town of Burlington,
Massachusetts v. Department of Education of the Commonwealth of Massachusetts*, 471 U.S.
379 (1985)).

The Parties' Rule 26(f) Report gave no details with respect to the additional evidence that
Plaintiff wished to submit.  Accordingly the Court entered an Order [Doc. 19] directing counsel

for both Parties "to file, in the form of supplemental memoranda, separate and specific

descriptions substantively detailing each discovery-related issue and/or question which each party

believes to exist in this matter."  Counsel for Plaintiff and Defendants thereafter filed

supplemental memoranda,  Doc. 20 and Doc. 21, but their bare bones contents are not sufficient

to place the Court in a position to resolve Plaintiff's contested application to submit additional

evidence.  The supplemental memorandum for Plaintiff says only this:

> The parent requests permission to present additional evidence not
> available or presented at the administrative hearing relevant to the
> issues in the instant appeal, including but not limited to, additional
> testimony of the parent, Nancy Genn, the independent educational
> consultant, Miriam Cherkes-Julkowski, Ph.D. and testimony of the
> Student, K.G.  The independent consultant who completed the
> comprehensive evaluation of the Student, K.G. was prevented from
> testifying at the administrative hearing, which is the subject of this
> appeal.

[Doc. 20] at 1.

The supplemental memorandum for Defendants argues that the opinions of Dr. Cherkes-

Julkowski were based on evaluations done before the hearing occurred, and accordingly cannot

be regarded as "new or supplemental opinions developed after" the issuance of the administrative

decision appealed from.  Further, Defendants say that "additional testimony of the mother would

not be proper" (citing cases which disapprove authorizing "witnesses at trial to repeat or

embellish their prior administrative hearing testimony," particularly where "the aggrieved party

was given every opportunity to make as full and complete a record as possible." [Doc. 21] at 1-2

(citations omitted).

The Court is not in a position to evaluate these contentions, or apply the governing case

law to the facts of the case at bar, until Plaintiff makes known in detail the contents of the

additional evidence she wishes to submit.  Accordingly, I adopt the practice utilized by Judge Margolis in *Doe*, 2012 WL 1252695 at *1 n. 4, and direct Plaintiff to file and serve *under seal* (for privacy purposes) affidavits executed by all witnesses from whom Plaintiff wishes to elicit additional evidence to supplement the administrative record.  Those affidavits should be in the form that Plaintiff would wish the Court to consider on cross-motions for summary judgment. Defendants may then file such objections to that evidence as they may be advised to make.  The Court will resolve the issues and the case will then be ready for summary judgment practice under Rule 56, Fed. R. Civ. P.

The Court makes this Order with respect to timing:

1.  Plaintiff must file and serve all affidavits consistent with this Order on or before Friday, January 17, 2014.

2.  Defendants must file and serve any objections to the admission of those proffered affidavits on or before Friday, January 31, 2014.  Any opposition must be accompanied by a memorandum of legal authorities.

3.  Plaintiff may file a reply to Defendants' objections on or before Friday, February 7, 2014.  Any reply must be accompanied by a memorandum of legal authorities.

4.  Cross-motions for summary judgment must be filed and served two weeks after the date of the Court's Ruling on Defendants' objections to Plaintiff's proffer of additional evidence.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
      January 2, 2014

                                           */s/Charles S. Haight, Jr.*
                                           Charles S. Haight, Jr.
                                           Senior United States District Judge