UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY GENN, On her behalf and on the behalf of her daughter, SARAH ELIZABETH (KATIE) GENN, <br><br> Plaintiff, <br> v. <br><br> NEW HAVEN BOARD OF EDUCATION; REGINALD MAYO, SUPERINTENDENT OF SCHOOLS; TYPHANIE JACKSON, DIRECTOR OF SPECIAL SERVICES; PATIRICA MOORE, SUPERVISOR OF SPECIAL SERVICES and KATHRYN CARBONE, PUBLIC HEALTH NURSE DIRECTOR, <br><br> Defendants. | 3:12-CV-00704 (CSH) <br><br><br><br> March 11, 2015 |

**RULING ON DEFENDANTS' OBJECTION TO PLAINTIFF'S PROFFER OF ADDITIONAL EVIDENCE**

**HAIGHT, Senior District Judge**:

This is an action brought under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400, *et seq.*, Conn. Gen. Stat. § 10-76d and h, and related authority. Plaintiff Nancy Genn, the mother of Katie Genn, a child with recognized learning disabilities, seeks judicial review of a decision and order rendered by Defendant New Haven Board of Education, dated April 9, 2012, following an administrative hearing conducted by the Board. Plaintiff alleges, *inter alia*, that the Board denied her child a free and appropriate public education by refusing to refund the cost of placing her in a private school for the 2011-2012 school year. The parties intend to file cross motions for summary judgment; however, the process has been delayed by a dispute about whether Plaintiff should be allowed to supplement the administrative record with additional evidentiary

material. That dispute is presently before the Court.

# I

In an earlier Memorandum and Order, the Court concluded that it was unable to rule on the admissibility of additional evidence "until Plaintiff makes known in detail the contents of that additional evidence she wishes to submit." Doc. [22] at 4-5. Accordingly, the Court directed Plaintiff "to file and serve under seal . . . affidavits executed by all witnesses from whom Plaintiff wishes to elicit additional evidence to supplement the administrative record," and advised that the "affidavits should be in the form that Plaintiff would wish the Court to consider on cross-motions for summary judgment." *Id.* at 5 (emphasis omitted). In compliance with the Court's order, Plaintiff submitted the affidavit of Miriam Cherkes-Julkowski Swenson, PhD, doc. # [23-1], an educational consultant who completed a comprehensive evaluation of the student in July and August of 2011 ("August 2011 evaluation"), doc. # [26] Ex. 1. Plaintiff contends that Dr. Cherkes-Julkowski "was prevented from testifying at the administrative hearing," doc. [20], because the hearing officer denied Plaintiff's request to take her testimony by telephone.

Defendants object to Plaintiff's proffer, arguing principally that the hearing officer's ruling denying Plaintiff's request to have Dr. Cherkes-Julkowski testify telephonically was proper; that the affidavit does not provide a basis for admitting additional testimony within the meaning of the governing authority; that Dr. Cherkes-Julkowski's opinions, as outlined in the affidavit, are already part of the record in the form of her August 2011 evaluation; and that Court should not consider the rebuttal evidence contained in the affidavit in light of the fact that Plaintiff declined the opportunity to submit rebuttal witnesses at an administrative hearing held in March 2012. Doc. [25].

## II

A preliminary question arises at bar as to whether the hearing officer erred in denying Dr. Cherkes-Julkowski's request, through Plaintiff's counsel, to testify by telephone at the administrative hearing, and the extent to which that decision, if improper, should bear on the Court's decision to admit or reject the proffered evidence. In *Town of Burlington*, a leading case on the issue of receiving additional evidence, the First Circuit stated that an "improper exclusion of evidence by the administrative agency" might provide reason for supplementing the record. *Town of Burlington v. Dep't of Educ. of Mass.*, 736 F.2d 773, 790 (1st Cir.1984), *aff'd on other grounds* 471 U.S. 359, (1985). This Court agrees that if the hearing officer erred in excluding evidence, supplementation of the record with relevant evidence would be warranted.

The record reveals that Plaintiff filed two written motions requesting permission to testify at the administrative hearings by telephone or teleconferencing equipment. The first request sought that accommodation for the November 29, 2011 hearing; the second request sought the accommodation for the December 16, 2011 hearing. Doc. [25] at 2. The hearing officer sustained Defendants' objection to the first motion at the November 29 hearing, doc. [26] (ex. 4 at 33-38), and issued a written notice of the denial of the second motion on December 5, 2011, *id.* (ex. 3). The substance of the written notice stated in its entirety: "Please be advised that the request for permission for witness to testify via teleconference is hereby DENIED." *Id.* In ruling on Defendants' objection to the first motion, the hearing officer stated the following at the November 29 hearing:

> I think the objection [to the telephone testimony] was recently submitted, but I am prepared to rule on that issue because . . . in accordance with the IDEA, if there's an objection to the telephone testimony, that objection must be sustained because under the IDEA, the parties have the right to present evidence and confront[,] cross

> examine and compel the attendance of the witnesses. Confront is separate from cross examination. If there's an objection it means that the witness has to be here. In addition, Dr. Cherkes-Julkowski does have a practice in Connecticut, and so we will not have telephone testimony.

Doc. [26] (Ex. 4 at 33).

In sustaining Defendants' objection to Plaintiff's request for telephonic testimony, the hearing officer stated she was acting in accordance with the IDEA. The IDEA states, in relevant part, that "a party to [an administrative] hearing . . . shall be accorded . . . the right to present evidence and confront, cross-examine, and compel the attendance of witnesses." 20 U.S.C. § 1415 (h)(2). That right is also recognized in the Regulations of Connecticut State Agencies, which apply at bar given that Plaintiff also seeks relief under state statute. R.C.S.A. § 10-76h-11(a)(2) ("Any party to a hearing . . . has the right to . . . [a] reasonable opportunity, as determined by the hearing officer, to present evidence and confront, cross-examine and compel the attendance of witnesses . . ."). In *Walled Lake Consolidated Schools v. Jones*, 24 IDELR 738 (E.D. Mich. 1996), the court concluded that a hearing officer violated a school district's procedural due process rights by granting a parent's request, over the school district's objection, to take telephone testimony from out of state witnesses. Relying on the statutory language of 20 U.S.C. § 1415(d) (now 20 U.S.C. § 1415(h)), the court reasoned:

> It . . . seems that in cases such as this one, telephone testimony would not penalize the [school district], would be advantageous and economical to the [parent and her child] and result in the "meaningful opportunity to be heard" required in due process hearings. . . . However, the plain language of the statute is difficult to set aside absent any legislative intent. The statute provides that any party to any hearing . . . be accorded the right to ". . . confront, cross-examine and compel the attendance of witnesses. . . ." . . . The language of 20 U.S.C. § 1415(d) affords many of the safeguards of a trial. The use

y

> of the words "confront," "cross-examine" and "compel the attendance of witnesses" leaves this Court little room to find anything other than the plain meaning of those words. . . . Absent agreement of the parties to the contrary, telephone testimony in this case does not adequately allow for confrontation under the statute at issue.

*Walled Lake Consolidated Schools,* 24 IDELR at 739 (footnote, citations, and some quotation marks omitted).

The Court is confronted with the same statutory language at bar and facts materially identical to those before the court in *Walled Lake*. Plaintiff sought to take Dr. Cherkes-Julkowski's testimony by telephone. Defendants voiced an objection. The hearing officer sustained the objection (and denied a second request by issuing a written notice) because the IDEA accords a party the right to "confront, cross-examine and compel the attendance of witnesses." 20 U.S.C. § 1415 (h)(2). Doing so was in keeping with the plain meaning of the statute and therefore not improper. In the absence of an "improper exclusion of evidence by the administrative agency," *Town of Burlington*, 736 F.2d at 790, that unfairly prejudiced the Plaintiff, the Court will consider whether other equitable considerations support supplementation of the record.

### III

The remainder of the analysis begins with whether Plaintiff's proffer constitutes "additional evidence" within the meaning of the IDEA. The IDEA provides that, in an action challenging an administrative decision, a district court "(i) shall receive the records of the administrative proceedings; (ii) *shall hear additional evidence at the request of a party*; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C) (emphasis added). The Second Circuit has not explicitly determined what constitutes "additional evidence" within the meaning of the IDEA. *See R.E. v. New York City Dep't*

*of Educ.*, 694 F.3d 167, 185 (2d Cir. 2012) (forbidding the use of "'retrospective testimony,' *i.e.*, testimony that certain services not listed in the IEP would actually have been provided to the child if he or she had attended the school district's proposed placement," but not articulating a standard for "additional evidence"); *see also M.S. v. New York City Dep't of Educ.*, No. 13cv3719 (RRM) (VMS), 2013 WL 6028817, at *3 (E.D.N.Y. Nov. 13, 2013) (noting absence of Second Circuit authority explicitly defining "additional evidence"). Other courts have construed "additional" "to mean supplemental," and therefore do not allow "witnesses at trial to repeat or embellish their prior administrative hearing testimony." *Town of Burlington v. Dep't of Educ. of Mass.*, 736 F.2d at 790; *cf Susan N. v. Wilson Scho. Dist.*, 70 F.3d 751, 759-60 (3d Cir. 1995) (declining to explicitly define "additional evidence," but stating that court must "consider evidence [that is] relevant, non-cumulative and useful in determining whether Congress's goal has been reached for the child involved"). Therefore, "[t]he starting point for determining what additional evidence should be received . . . is the record of the administrative proceeding." *Id.* The statute contemplates that there will be "some supplementation at trial." *Id.*; *see Doe ex rel. Doe v. East Lyme Board of Education*, No. 3:11cv291 (JBA) (JGM), 2012 WL 1252695, at * 3 (D. Conn. April 12, 2012) (quoting same).

"The decision whether and to what extent to admit additional evidence is committed to the discretion of the court, 'which must be careful not to allow such evidence to change the character of the hearing from one of review to a trial de novo.'" *A.S. v. Trumbull Bd. of Educ.*, 414 F. Supp. 2d 152, 170 (D. Conn. 2006) (quoting *Town of Burlington v. Dep't of Educ. of Mass.*, 736 F.2d at 791); *see Plainville Board of Education v. R.N.*, No. 3:09cv241 (RNC) (DFM), 2009 WL 2059914, * 1 (D. Conn. 2002); *Jordan S. v. Hewlett Woodmere Union Free Sch. Dist.*, No. 08cv1446 (LDW) (AKT), 2009 WL 910804, * 2 (E.D.N.Y. Mar. 31, 2009); *see also Lillbask ex rel. Mauclaire v. Sergi*,

193 F. Supp. 2d 503, 506 (D. Conn. 2002) ("The taking of additional evidence is a matter . . . left to the discretion of the trial court."). In exercising discretion, courts are mindful that "[a] lenient standard for additional evidence would have the consequence of making the whole IDEA process more time consuming, as parties scrambled to use the federal court proceeding to patch up holes in their administrative case." *Id.* (quoting *Spring v. Fairfax County Schoolboard*, 134 F.3d 659, 667 (4th Cir. 1998)); *see Plainville Board of Education v. R.N.*, 2009 WL 2059914 at * 1; *Jordan S. v. Hewlett Woodmere Union Free Sch. Dist.*, 2009 WL 910804 at * 2; *Lillbask ex rel. Mauclaire v. Sergi*, 193 F. Supp. 2d. at 507. Adopting a relaxed approach to admitting additional evidence would not only frustrates IDEA's goal of finality, but also undermine one of the purposes of the administrative hearing — developing a complete factual record. *Handleman v. Bd. of Educ. of Penfield Cent. Sch. Dist.*, No. 07cv6021 (MAT), 2007 WL 3076970, * 4-5 (W.D.N.Y. Oct. 19, 2007). A lenient approach also poses a potential threat to judicial resources. *See Walker County School Dist. v. Bennett ex rel. Bennet*, 203 F.3d 1293, 1298 (11th Cir. 2000) (noting that "the conservation of judicial resources" is an "important concern" that a court should "weigh heavily" when deciding whether to supplement the record (internal quotation marks omitted)); *A.S. v. Trumbull Bd. of Educ.*, 414 F. Supp. 2d at 172 (citing same).

"In ruling on motions for witnesses to testify a court should weigh heavily the important concerns of not allowing a party to undercut the statutory role of administrative expertise, the unfairness involved in one party's reserving its best evidence for trial, the reason the witness did not testify at the administrative hearing, and the conservation of judicial resources." *Town of Burlington v. Dep't of Educ. of Mass.*, 736 F.2d at 791; *see M.S. v. New York City Dep't of Educ.*, 2013 WL 6028817 at * 3. The party seeking to supplement the record bears the burden of establishing that the

additional evidence is probative of the issues before the court, and must also explain why the evidence was not presented at the administrative level. *Handleman v. Bd. of Educ. of Penfield Cent. Sch. Dist.*, 2007 WL 3076970 at * 5; *see Plainville Board of Education v. R.N.*, 2009 WL 2059914 at * 1 ("The party moving to submit additional evidence must establish that it is relevant and necessary.").

## IV

Plaintiff seeks to supplement the record with the two page affidavit of Dr. Cherkes-Julkowski. Dr. Cherkes-Julkowski attests that she "was denied the opportunity to testify [at the administrative hearing] both telephonically and via teleconference by the hearing officer." Doc. [23-1] at ¶ 5. She maintains that if she had been allowed to testify, she would have "supplemented the record" by providing testimony concerning the nature and extent of the child's learning disability, as well as the "kind of intervention needed to support reasonable progress." *Id.* at ¶ 6. She states also that she "would have rebutted the school district's expert testimony," *id.* at ¶ 7, and "[m]ost notably" would have "rebutted the efficacy of the programs the New Haven School district was recommending to address . . . Katie's reading disability," *id.* at ¶ 8. She claims moreover that she would have testified as to the "inadequacy of the students IEP" (individualized educational program). *Id.* at ¶ 10.

Although Dr. Cherkes-Julkowski did not testify at the administrative hearing, the record before the hearing officer included Dr. Cherkes-Julkowski's August 2011 evaluation. The August 2011 evaluation, a 32 page, single-spaced report, describes the magnitude of the child's "significant, severe learning disability," one "characterized by serious reading skill, reading fluency, written expression and math computational deficits," as well as "visuospatial and phonological difficulties."

Doc. [28] (Ex. 1 at 27-28). Dr. Cherkes-Julkowski's conclusions in that regard were based on her testing and observation of the student and review of educational records, reports, testing results, and commentary documenting the student's learning disability. Her evaluation concludes with four pages of specific recommendations, suggesting certain instruction methods to address the student's learning disability.

Dr. Cherkes-Julkowski's affidavit suggests supplementing the record with two primary types of testimony: one category of testimony concerning the student's learning disability, doc. [23-1] at ¶¶ 6, 9; another category of testimony rebutting the testimony of Defendants' witnesses and challenging the adequacy of the IEP, *id.*, ¶¶ 7-8, 10.a. In regard to the former, Dr. Cherkes-Julkowski states that she would have, *inter alia*, "provide[d] a data-driven explanation of the nature of Katie's learning disability," "demonstrate[d] the depth of Katie's skill deficits" and explained "how [her] findings were consistent with previous evaluations." Doc. [23-1] at ¶ 6. That category of testimony would have clearly reiterated the conclusions and recommendations contained in the August 2011 evaluation that was part of the administrative record. Because Dr. Cherkes-Julkowski's testimony in that respect would only repeat or embellish the substance of the August 2011 evaluation, its status as "additional evidence" under the IDEA is questionable. *See Town of Burlington v. Dep't of Educ. of Mass.*, 736 F.2d at 790. The Court is not inclined to admit it.

The second category of testimony Dr. Cherkes-Julkowski identifies would have "rebutted the school district's expert testimony," "rebutted the efficacy of the programs the New Haven School district was recommending," and testified as to the "inadequacy of the student's IEP." Doc. [23-1] at ¶¶ 7, 8, 10. Testimony Dr. Cherkes-Julkowski would have offered challenging the adequacy of the IEP or rebutting the testimony of those who supported it, can be reasonably construed as

9

constituting "additional evidence" within the meaning of the IDEA. Dr. Cherkes-Julkowski's opinion of the adequacy of the finalized IEP was not included in her August 2011 evaluation; nor could it have been, since as of the Planning and Placement Team ("PPT") meeting held on September 6, 2011, the student's IEP for the 2011-2012 school year was still being "review[ed] and revise[d]." Doc. [14] at IV, ¶ 6 (26(f) report, statement of undisputed facts). Plaintiff's proffer therefore suggests, at least conceptually, some "additional evidence," which, subject to the Court's discretion, is admissible under the IDEA. However, the portion of Dr. Cherkes-Julkowski's affidavit suggestive of supplemental testimony is of so little evidentiary value that its status as "additional" is highly suspect.

This is because the affidavit merely outlines the testimony that Dr. Cherkes-Julkowski *would* have offered, but does rebut Defendants' testimony or challenge the adequacy of the IEP with the degree of specificity that would be useful to the Court. Rather, to give meaning to the affidavit, the Court would have to conduct a hearing allowing Dr. Cherkes-Julkowski's rebuttal testimony and afford Defendants the opportunity to cross-examine her. Reopening the record in that way would undercut the IDEA's goal of finality, risk turning the proceeding into a de novo trial, and draw on the Court's limited resources. *See A.S. v. Trumbull Bd. of Educ.*, 414 F. Supp. 2d at 172 (declining to admit additional evidence based on the fact that court "would have to conduct a full administrative hearing . . . in order to determine relevance of [the] information"); *see also Handleman v. Bd. of Educ. of Penfield Cent. Sch. Dist.*, 2007 WL 3076970, at *6 (concluding that plaintiff is "not allowed to re-litigate her case" by taking the testimony of a witness who was not called to testify at a proceeding before State Review Officer).

In that latter regard, Plaintiff has not provided the Court with an adequate explanation as to

why the testimony of Dr. Cherkes-Julkowski was not taken during one of the several administrative hearings held throughout the proceedings. As explained *supra*, the hearing officer properly concluded that Dr. Cherkes-Julkowski should not be allowed to testify telephonically. Though Dr. Cherkes-Julkowski wanted to testify by phone, the record does not support the conclusion that she was *unable* to testify in person; rather, indicates only that she was scheduled to be in Arizona from November 2011 until April 2012. Doc. [26-1] (Ex. 8).[1] As Defendants point out, when Plaintiff was given the opportunity to submit rebuttal witnesses at the March 2012 hearing, she declined to do so, and made no attempt to offer Dr. Cherkes-Julkowski as a rebuttal witness or move for a continuance of the proceedings until her scheduled return to Connecticut. Doc. [26-1] (Ex. 7 at 212). Plaintiff merely seeks to admit evidence now, which could well have been offered then. Her failure to provide a compelling reason for not offering the evidence at the administrative hearing, weighs against the Court admitting the evidence at this point in the proceedings. *See Town of Burlington v. Dep't of Educ. of Mass.*, 736 F.2d at 791 ("In ruling on motions for witnesses to testify a court should weigh . . . important concerns" including "the reasons the witness did not testify"); *see also Handleman v. Bd. of Educ. of Penfield Cent. Sch. Dist.*, 2007 WL 3076970 at *5 (plaintiff should explain why the evidence was not presented at the administrative level).

The Court will not admit Plaintiff's proffer of additional evidence.

## V

For the foregoing reasons, Defendants' objection to Plaintiff's proffer of additional evidence

---

[1] The administrative record contains an affidavit from Dr. Cherkes-Julkowski, which indicates that she was scheduled to remain in Arizona until approximately "April 8, *2011*." Doc. [26-1] (Ex. 8 at ¶ 4) (emphasis added). Because that affidavit was subscribed and sworn on November 21, *2011*, it is apparent that Dr. Cherkes-Julkowski intended to indicate an approximate return date of April 8, *2012*.

is SUSTAINED.  Accordingly, Plaintiff's proffer is REJECTED and will not be considered by the Court.

It is SO ORDERED.

Signed:  New Haven, Connecticut
March 11, 2015

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge
