UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY GENN,<br>on her behalf and on behalf of her<br>daughter, SARAH ELIZABETH (KATIE)<br>GENN,<br><br>          Plaintiffs,<br>  v.<br><br>NEW HAVEN BOARD OF EDUCATION;<br>REGINALD MAYO, SUPERINTENDENT<br>OF SCHOOLS; TYPHANIE JACKSON,<br>DIRECTOR OF SPECIAL SERVICES;<br>PATRICIA MOORE, SUPERVISOR OF<br>SPECIAL SERVICES; and KATHRYN<br>CARBONE, PUBLIC HEALTH NURSE<br>DIRECTOR,<br><br>          Defendants. | 3:12-cv-00704(CSH)<br><br><br><br>May 15, 2017 |

**ORDER REGARDING PLAINTIFF'S MOTION
FOR AWARD OF ATTORNEY FEES**

HAIGHT, Senior District Judge:

Plaintiff's Motion for Award of Attorney Fees [Doc. 50] is DENIED, WITHOUT PREJUDICE, because it does not comply with the law of this circuit as to awards of attorney fees, nor with the instructions of the prior Ruling of this Court [Doc. 49]. If Plaintiff wishes to recover attorney's fees in this matter, she is directed to file, on or before **Friday, June 9, 2017**, affidavits and submissions that comply with this Court's previous Ruling [Doc. 49].

**I. PROCEDURAL BACKGROUND**

On November 30, 2016, this Court issued a Ruling [Doc. 49] granting in part and denying in part Plaintiff's Motion for Summary Judgment [Doc. 36] and granting in part and denying in part

Defendant's Motion for Summary Judgment [Doc. 37]. Familiarity with that decision is assumed. As part of that ruling, the Court granted summary judgment to Plaintiff on a single element of the complaint, namely that, under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1482 ("IDEA"), Plaintiff parent Nancy Genn is entitled to reimbursement for the Independent Educational Evaluation ("IEE") performed by Miriam Cherkes-Julkowski, Ph.D. Doc. 49 at 31. The IEE reimbursement claim was the only claim on which Plaintiff prevailed. The Court found that, pursuant to the IDEA, Plaintiff is a "prevailing party," entitled to attorney's fees, though those fees should be limited to the hours spent on the successful claim.[1] *Id.* at 44-45 (citing 20 U.S.C. § 1415(i)(3)(i); *Hensley v. Eckhart*, 461 U.S. 424 (1983)). To conclude the fee issue (and this litigation), the Court issued the following conditional instruction to Plaintiff counsel:

> I will consider the question of attorney's fees in the present case if and when Plaintiff submits a quantified claim in the proper form. "Proper form" requires that Plaintiff's attorney (1) comply fully with the Second Circuit's detailed instructions in *New York Ass'n of Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir 1983); and (2) limit the claim to the attorney hours spent on the IEE issue, excluding all others.

Doc. 49, at 46.

On December 7, 2016, Plaintiff counsel filed a timely Motion for Attorney's Fees [Doc. 50] along with an affidavit and a "work log" reflecting time expended on this action. *See* Doc. 50, Exhibit A. Plaintiff's motion does not conform with this Court's instruction, as quoted above. The

---

[1] Defendant's brief in opposition [Doc. 51] suggests that the Court reject Plaintiff's application for attorney fees because Plaintiff's victory was *de minimus,* and, therefore, Plaintiff is not a prevailing party under the IDEA, and not entitled to any fee recovery. Doc. 51 at 3. The Court has already considered this issue, and in its prior ruling, held explicitly that parent Plaintiff's "partial success is sufficient to qualify Plaintiff as a 'prevailing party' for purposes of the fee-shifting statute." Doc. 49 at 45. The Court will not revisit that analysis here.

submission meets neither of the conditions prerequisite to consideration of a fee award: it does not comply with the instructions of *Carey*; nor does it limit itself, in any meaningful way, to the hours expended on the IEE issue.

## II. COMPLIANCE WITH THE *CAREY* INSTRUCTIONS

This circuit has long followed the dictates of Judge Newman's opinion in *Carey* to evaluate a movant's proffered evidence supporting its attorneys' fees request:

> Hereafter, any attorney—whether a private practitioner or an employee of a nonprofit law office—who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records . . . . All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.

711 F.2d at 1148. The Second Circuit subsequently clarified its use of the word "normally" in *Carey*, holding that while it "indicates that we intend to leave the district courts with some limited discretion to make exceptions to the hard-and-fast rule," *Carey* nonetheless "sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). "In other words, *Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases." *Id*. Plaintiff counsel has deviated from *Carey*, as described further below, and has not provided any indication that hers is "the rarest of cases" meriting such deviation.

### A. Lack of Contemporaneous Records

In this case, Plaintiff counsel's work log, as filed, is not a contemporaneous time record as prescribed by *Carey*. In particular, the Court draws counsel's attention to the requirement that movants provide records actually made at the time the work was done or show that "they made

contemporaneous entries *as the work was completed*." *Handschu v. Special Services Div.*, 727 F. Supp. 2d, 239, 251 (S.D.N.Y. 2010) (emphasis in original) (quoting *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994)). Plaintiff counsel's work log does not, on its face, show any sign that it was compiled with the assistance of actual contemporaneous time records. Counsel's affidavit does not state whether or not she kept actual contemporaneous records or records created closer to the time when the work was done, nor does the affidavit describe the practice of counsel's office in maintaining contemporaneous records, nor the method by which work logs are derived from those records.

### B. Lack of Specific Dates

The *Carey* court mandated that time records indicate the date on which compensable work was completed. 711 F.2d at 1148. Here, the work log entries are imprecise as to date–counsel does not provide the date(s) on which she conducted "preparation" for various hearings, only the dates of those hearings themselves. Doc. 50 at 8. The absence of specific dates also contributes to the general impression that the work log was not compiled from contemporaneous time records.

### C. No Indication of the "Nature of the Work Done"

*Carey* requires attorneys' time records to indicate "the nature of the work done." 711 F.2d at 1148. Where an attorney's time records includes time entries such as "letter to court," "staff conference," or "work on motion," those records have been found "too vague to sufficiently document the hours claimed." *Kirsch v. Fleet St., Ltd.*, No. 92 CIV. 932, 1996 WL 695687, at *5 (S.D.N.Y. Dec. 4, 1996), *aff'd*, 148 F.3d 149 (2d Cir. 1998); *see also Hensley*, 461 U.S. at 437 (an applicant for attorney's fees "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims"); *Connecticut Hosp. Ass'n v. O'Neill*, 891 F. Supp. 687,

690–91 (D. Conn. 1994) ("Plaintiffs have failed to satisfy their burden of proof . . . . Many entries merely state that an attorney had a 'conference with' or a 'call to' or 'call from' another person without specifying the subject of the conference or call."); *Gonzalez v. Town of Stratford*, 830 F. Supp. 111, 114 (D. Conn. 1992) ("The fee applicant has failed . . . in that several entries merely specify that an attorney performed 'research' or had a 'telephone conference' without specifying the issue researched or the subject of the telephone conference.").

Here, the work log provided by Plaintiff counsel indicates only that time was expended in "preparation" for various hearings. Doc. 50 at 8. The Court needs to understand the nature of the work done in order to assess first, whether the claimed expenditure of time was reasonable for the work described, and second, whether the work pertained to the single claim on which Plaintiff prevailed. Listing an expenditure of three hours on "[p]reparation for hearing" fails to provide the Court with any insight as to either of these factors, and further contributes to the general impression that the work log is not based upon contemporaneous time records.

### III. LIMITATION OF CLAIM TO THE IEE ISSUE

This Court's earlier Ruling explicitly instructed Plaintiff to "limit the claim to the attorney hours spent on the IEE issue, excluding all others." Doc. 49 at 46. Plaintiff counsel's motion and supporting affidavit acknowledge this directive, but make no serious attempt to comply with it. Plaintiff counsel attests that this litigation "addressed eight (8) issues."[2] Doc. 50 at 5. Plaintiff counsel further attests that the IEE issue, the only claim on which Plaintiff prevailed, "was

---

[2] The Court notes that Defendants count "sixteen substantive issues" raised in this litigation, of which "the Plaintiffs prevailed on only one." Defendants' Brief, Doc. 51 at 2. As Plaintiff"s instant motion for award of fees is denied, without prejudice, by this Order, the Court need not resolve, at this time, whether Plaintiff prevailed on one-eighth or one-sixteenth of the original case.

intertwined with several other issues . . . (1) whether the district provided a FAPE; (2) whether placement at Easton Country Day School was appropriate; (3) whether student was entitled to compensatory education." *Id*. at 5-6. So, by Plaintiff counsel's estimation, the IEE issue was "intertwined" with three out of the seven issues on which Plaintiff did not prevail. By inference, the IEE issue was, to some degree, separable from the remaining four unsuccessful claims. However, Plaintiff counsel makes no effort in her work log to distinguish for the Court which hours were spent on the "intertwined" issues, that she herself identified, and which hours were spent on the claims not so closely entangled with the IEE issue.

The Court is sympathetic to the interrelated nature of claims in litigation, and recognizes that it may not always be possible for attorneys to make a fully coherent distinction between efforts put towards success on one claim and those put towards another; this is an important reason for the Court to exercise its broad discretion in assessing proportionate fee awards, after review of the submissions required by *Carey*. As the Supreme Court has said,

> We recognize that there is no certain method of determining when claims are "related" or "unrelated." Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.

*Hensley*, 461 U.S. at 437, n.12. The prior ruling in the instant litigation posed the two alternatives, taken from *Hensley*, as to how the fee award in this case might be adjusted downward to reflect Plaintiff's partial success–either by identifying specific hours to be eliminated from the fee calculation or by a simple proportionate reduction of the total attorney fee. Doc. 49 at 45-46.

Here, Plaintiff counsel has presented the Court with a possible framework for considering the fraction of her efforts devoted to the IEE claim–some proportion of the effort expended on the

four purportedly "intertwined" issues–and then she has failed to put her own framework to use. It is of no use to the Court to identify which issues are intertwined, or which claims are related, if the work log does not follow the principles of *Carey*, and provides no insight into "the nature of the work performed."

## IV. CONCLUSION

As explained above, Plaintiff's Motion for Award of Attorney Fees [Doc. 50] does not comply with the law of this circuit, nor with this Court's earlier Ruling [Doc. 49], which authorized its submission. Accordingly, Plaintiff's Motion is DENIED, WITHOUT PREJUDICE. This circuit has found it to be clear error for a district judge to flatly deny fee recovery to a prevailing attorney whose fee application did not appear, on its face, to be based on truly contemporaneous records, "without further inquiry into her timekeeping practices." *Marion S. Mishkin Law Office v. Lopalo*, 767 F.3d 144, 150 (2d Cir. 2014). Accordingly, and in the interests of fulfilling the remedial purposes of the fee-shifting provisions of the IDEA, this Court will give leave for Plaintiff to make a second application for fee recovery. Plaintiff is directed to file, on or before **Friday, June 9, 2017**, affidavits and submissions that comply with the requirements of *Carey*, and with this Court's previous Ruling [Doc. 49].

It is SO ORDERED.

Dated: New Haven, Connecticut
May 15, 2017

                                                   */s/ Charles S. Haight, Jr.*
                                                   Charles S. Haight, Jr.
                                                   Senior United States District Judge