UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NANCY GENN, on her behalf and on behalf of her daughter, SARAH ELIZABETH (KATIE) GENN, <br><br> Plaintiff, <br> v. <br><br> NEW HAVEN BOARD OF EDUCATION; REGINALD MAYO, SUPERINTENDENT OF SCHOOLS; TYPHANIE JACKSON, DIRECTOR OF SPECIAL SERVICES; PATRICIA MOORE, SUPERVISOR OF SPECIAL SERVICES; and KATHRYN CARBONE, PUBLIC HEALTH NURSE DIRECTOR, <br><br> Defendants. | 3:12-cv-00704(CSH) <br><br><br> July 17, 2017 |

## ORDER REGARDING PLAINTIFF'S AMENDED MOTION FOR ATTORNEY FEES

HAIGHT, Senior District Judge:

Plaintiff's Amended Motion for Attorney Fees (Doc. 53), was filed following this Court's Order (Doc. 52) denying Plaintiff's initial Motion for Attorney Fees (Doc. 50). Defendants resist this Amended Motion with a renewed Objection (Doc. 54), reiterating the arguments made against an award in their Objection (Doc. 51) to Plaintiff's earlier Motion, and adding one additional objection, as to Plaintiff's inclusion of the time expended on a December 20, 2011 meeting of a "planning and placement team" in the renewed request for award of fees. *See* Doc. 54 at 2. This Order resolves Plaintiff's instant Motion, and with it, this litigation.

### I. PROCEDURAL BACKGROUND

-1-

On November 30, 2016, this Court issued a Ruling (Doc. 49) granting in part and denying in part Plaintiff's Motion for Summary Judgment (Doc. 36) and granting in part and denying in part Defendants' Motion for Summary Judgment (Doc. 37). Familiarity with that decision is assumed.

As part of that ruling, the Court granted summary judgment to Plaintiff on a single element of the complaint, namely that, under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400–1482 ("IDEA"), Plaintiff parent Nancy Genn is entitled to reimbursement for the Independent Educational Evaluation ("IEE") performed by Miriam Cherkes-Julkowski, Ph.D. Doc. 49 at 31. The IEE reimbursement claim was the only claim on which Plaintiff prevailed. The Court found that, pursuant to the IDEA, Plaintiff is a "prevailing party," entitled to attorney's fees, though those fees should be limited to the hours spent on the successful claim. *Id*. at 44-45 (citing 20 U.S.C. § 1415(i)(3)(B)(i); *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

To conclude the fee issue (and this litigation), the Court issued the following instruction to Plaintiff counsel:

> I will consider the question of attorney's fees in the present case if and when Plaintiff submits a quantified claim in the proper form. "Proper form" requires that Plaintiff's attorney (1) comply fully with the Second Circuit's detailed instructions in *New York Ass'n of Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir 1983); and (2) limit the claim to the attorney hours spent on the IEE issue, excluding all others.

Doc. 49, at 46.

On December 7, 2016, Plaintiff counsel filed a timely Motion for Attorney Fees (Doc. 50) along with an affidavit and a "work log" reflecting time expended on this action. *See* Doc. 50, Exhibit A. Defendants resisted this motion on a number of grounds. *See* Doc. 51.

By prior Order (Doc. 52), familiarity with which is assumed, the Court directed Plaintiff'

counsel to submit a new motion for attorney fees in compliance with the Second Circuit's well-established standards for such motions, as articulated in *Carey*, 711 F.2d 1136. Specifically, the Court cited Plaintiff's failure to rely on contemporaneous records, specify the dates on which work was completed, and characterize the nature of the work completed. Doc. 52 at 3-4. The Order also reiterated the Court's prior admonition that Plaintiff's request for attorney fees be limited to costs expended on pursuing Plaintiff claim for reimbursement for an Independent Educational Evaluation ("IEE"), the only substantive issue on which Plaintiff prevailed before this Court. As described in that Order, Plaintiff's first Motion for Attorney Fees (Doc. 50),

> presented the Court with a possible framework for considering the fraction of [Plaintiff attorney's] efforts devoted to the IEE claim – some proportion of the effort expended on the four purportedly "intertwined" issues – and then . . . failed to put [its] own framework to use. It is of no use to the Court to identify which issues are intertwined, or which claims are related, if the work log does not follow the principles of *Carey*, and provides no insight into "the nature of the work performed."

Doc. 52 at 6-7.

## II. STANDARD FOR ATTORNEY'S FEES

Courts evaluating a request for attorney's fees must conduct a "lodestar analysis, which calculates reasonable attorney's fees by multiplying the reasonable hours expended on the action by a reasonable hourly rate." *Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 108 (2d Cir. 2014). Proffered hours are reasonable if "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). As to the hourly rate, a district court has discretion but should begin generally with "the prevailing market rates in the relevant community." *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (internal quotation omitted). Determining the reasonable hourly rate for a given case requires "a

case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel." *Farbotko v. Clinton Cty. of N.Y.*, 433 F.3d 204, 209 (2d Cir. 2005). "[T]he fee applicant has the burden of showing by satisfactory evidence – in addition to the attorney's own affidavits – that the requested hourly rates are the prevailing market rates." *Id.*

"There is . . . a strong presumption that the lodestar figure represents a reasonable fee." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425, (2d Cir. 1999) (internal quotation marks omitted). Even so, "the lodestar may be adjusted based on several factors." *Id.* However, "[w]henever the district court augments or reduces the lodestar figure, it must state its reasons for doing so as specifically as possible." *Cohen v. W. Haven Bd. of Police Comm'rs*, 638 F.2d 496, 505 (2d Cir. 1980) (internal quotation marks omitted). For example, "in dealing with items that are excessive, redundant, or otherwise unnecessary, the district court has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application." *Hines v. City of Albany*, 613 F. App'x 52, 54-55 (2d Cir. 2015) (internal quotation marks omitted). Likewise, a district court may deduct a percentage of hours where proffered time entries are overly vague. *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 172-73 (2d Cir. 1998).

In *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983), the Supreme Court held that where "a plaintiff has achieved only partial or limited success," full compensation for attorney's fees may not be reasonable. In that circumstance, "[t]he district court may either attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 414 (2d Cir. 1989) (internal quotation marks omitted) (citing and quoting *Hensley,* 461 U.S. at 436-37). As noted, Plaintiff's victory here was partial, and this Court's prior Ruling (Doc. 49) advised Plaintiff that a fee award in this case

might apply either of the *Hensley* alternative procedures to determine a reasonable award. *See* Doc. 49 at 45-46.

In evaluating a movant's proffered evidence supporting its attorney's fees request, this Circuit has long followed the dictates of Judge Newman's opinion in *Carey*:

> Hereafter, any attorney – whether a private practitioner or an employee of a nonprofit law office – who applies for court-ordered compensation in this Circuit . . . must document the application with contemporaneous time records. These records should specify, for each attorney, the date, the hours expended, and the nature of the work done.

711 F.2d at 1148. Applications for fees lacking the support of such contemporaneous records "should normally be disallowed." *Id.* at 1154.

The Court of Appeals subsequently clarified its use of the word "normally" in *Carey*, holding that while it "indicates that we intend to leave the district courts with some limited discretion to make exceptions to the hard-and-fast rule," *Carey* nonetheless "sets out unequivocally that absent unusual circumstances attorneys are required to submit contemporaneous records with their fee applications." *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010). "In other words, *Carey* establishes a strict rule from which attorneys may deviate only in the rarest of cases." *Id.*

### III. ANALYSIS OF REASONABLE ATTORNEY FEES

As noted, the Amended Motion (Doc. 53) was filed following denial of Plaintiff's first Motion for Attorney's Fees (Doc. 50). Plaintiff's Amended Motion has taken some steps to remedy the deficiencies noted by this Court's prior Order (Doc. 52), but falls short of full compliance. In the interests of justice and expedience, the Court will not further delay this matter by providing Plaintiff yet another opportunity to comply with the Second Circuit's well-established standards of documentation as to attorney's fees, and will consider the instant Amended Motion for award of fees

as filed, applying the "lodestar" analysis discussed above.

## A. Reasonable Hourly Rate

Plaintiff counsel submits that her firm bills her hourly rate, as an associate, at $350. Doc. 53 at 7. Defendants contend that this hourly rate is excessive, given Plaintiff counsel's relative lack of experience and expertise, and suggest a rate of $200, citing prior awards of fees made in this District. Doc. 51 at 10-11. Plaintiff counsel's renewed motion does not make any effort to rebut Defendants' objection to her claimed rate of $350 per hour.

In 2014, an attorney with fourteen years' experience in the area of special education law requested attorney fees at a rate of $350 per hour for representing the prevailing party in an IDEA suit. *M.A. v. Torrington Bd. of Educ.*, 980 F.Supp.2d 279, 295-96 (D. Conn 2014). Magistrate Judge Margolis of this District reduced that rate to $300, based upon prior awards in similar cases and the attorney's relative lack of federal court experience. *Id.* In 2008, Judge Chatigny of this District determined that the reasonable hourly rate for an attorney representing a prevailing party in an IDEA suit was $125, where that attorney had graduated from law school in 2004, been admitted to the bar in 2005, and done the work for which she sought compensation in 2006 and 2007. *Mr. & Mrs. M v. Ridgefield Bd. of Educ.*, 2008 WL 926518, at *3 (D. Conn. Mar. 31, 2008).

Plaintiff counsel graduated law school and was admitted to the bar in 2011. Doc. 53 at 5. The work for which she seeks reimbursement was conducted in 2011 and 2012. If, only three years ago, an attorney with fourteen years of specialized experience was awarded an hourly rate of $300 for work performed on an IDEA case, the Court cannot in good conscience award a rate of $350 to an attorney working on what was, presumably, one of her first cases as a member of the bar.

Further, Defendants' Motion in Opposition (Doc. 53) to the original application for attorney

fees put Plaintiff counsel on good notice that the propriety of her quoted hourly rate was subject to dispute. As the fee applicant, Plaintiff counsel bears the burden of demonstrating, by evidence other than her own affidavit, that the fee she requests represents prevailing market rates. *Farbotko*, 433 F.3d at 209. Here, the only evidence proffered is Plaintiff counsel's affidavit, which attests that "My firm's billing rate for my hourly rate as an associate is $ 350.00." Doc. 53 at 7. Plaintiff counsel does not attest to any special expertise in the area of education law, nor does she cite other attorneys' billing rates or fee awards, nor any other extrinsic evidence.

Given Plaintiff counsel's failure to support her own case, and the rates of awards made to attorneys in other IDEA cases in this District, the Court exercises its discretion to accept Defendants' proposed hourly rate of $200.00 as the reasonable rate for an attorney of Plaintiff counsel's experience and expertise working on a case of this kind.

### B. Hours Expended on the PPT Meeting

The fifth and sixth line items on Plaintiff counsel's work log are characterized, respectively, as "[p]reparation for PPT of 12/20/11" and "PPT on 12/20/11." Doc. 53 at 9. A PPT, or "planning and placement team," is a body comprised of school officials and others structured pursuant to Connecticut law (and the IDEA) to make determinations with respect to the special educational needs of students. Conn. Agencies Regs. § 10-76a-1(14).

Defendants' latest filing objects to the inclusion of these hours in the request for fees, citing 34 C.F.R. § 300.517(c)(2)(ii), which provides that "Attorneys' fees may not be awarded relating to any meeting of the IEP [Individualized Education Plan] Team unless the meeting is convened as a result of an administrative proceeding or judicial action, or at the discretion of the State, for a mediation described in § 300.506."

It is possible that the December 2011 PPT meeting would fall into the exception to such meetings' exclusion from fee recovery, if it was "convened as a result of an administrative proceeding." However, Plaintiff has made no such contention. Therefore, as no argument has been made for exemption from the exclusion provision, and as the PPT appears, from the record, to be an "IEP Team," as defined at 34 C.F.R. § 300.321, the Court will strike from consideration the six hours logged as devoted to the preparation for and conduct of this meeting, leaving 99.5 hours on Plaintiff counsel's work log for further analysis.

### C. Hours Reasonably Expended

Plaintiff counsel calculates the entire expenditure of time on this matter at 105.5 hours. Doc. 53 at 7. Defendants' first brief in opposition (Doc. 51) argues that "Plaintiffs' counsel and the Parent caused the litigation to be protracted," citing the Court's Ruling on the merits, which, in turn, cited the underling administrative record for the proposition that "the disrespectful and unprofessional conduct of the Plaintiffs and their counsel unnecessarily prolonged the [administrative] hearing." Doc. 51 at 8. The Court was not present at any of these administrative proceedings, and cannot independently assess Plaintiff counsel's conduct therein. However, as noted in my prior Ruling on the merits, "[t]he [administrative hearing] transcript demonstrates repeated attempts to get Plaintiff, Plaintiff's daughter, and the attorney for the Plaintiff to respect the proceeding," and I have been provided with no evidence to countervail that impression of disrespect and resultant delay. *See* Doc. 49 at 20.

Plaintiff counsel's latest filing (Doc. 53) makes no attempt to rebut this characterization of her conduct as dilatory. Given Plaintiff and Plaintiff counsel's documented failure to respect the

administrative hearing process, and the large proportion of logged hours – 46.5 out of 99.5 hours,[1] according to the work log – which were expended in the conduct of administrative hearings, a general downward adjustment of the claimed hours is appropriate. The Court will exercise its discretion to assess a ten percent downward adjustment to the total number of hours, considering that the actions of Plaintiff and Plaintiff counsel likely protracted the administrative proceedings by at least some twenty percent. This ten percent downward adjustment to the 99.5 hours logged results in a running total of 89.5 hours.

### C. Limitation of Hours to IEE Issue

Plaintiff's initial Motion for Attorney's Fees (Doc. 50) did not adequately distinguish the hours expended on the IEE issue, the single issue on which Plaintiff prevailed. *See* Doc. 52 at 6-7 ("Here, Plaintiff counsel has presented the Court with a possible framework for considering the fraction of her efforts devoted to the IEE claim – some proportion of the effort expended on the four purportedly 'intertwined' issues – and then she has failed to put her own framework to use").

Plaintiff's Amended Motion (Doc. 53) makes no attempt to further distinguish the hours expended on the IEE issue, or even on the group of claims purportedly "intertwined" with the IEE issue. Plaintiff counsel repeats her assertion that the IEE issue was one of eight substantive issues in dispute, and that the IEE issue was "inextricably" intertwined with "(1) whether the district provided a FAPE [free appropriate public education]; (2) whether placement at Easton Country Day School was appropriate; [and] (3) whether the student was entitled to compensatory education." Doc. 53 at 6.

---

[1] Plaintiff counsel's total hour log of 105.5 has been reduced by six hours, as described in the preceding subsection of this opinion.

Plaintiff counsel has not countered Defendants' contention, referenced in the Court's prior Order, that the IEE issue represents one-sixteenth of the substantive issues decided by the Court, not, as in Plaintiff's view, one-eighth of the substance of this matter. *See* Doc. 51 at 7; Doc. 52 at 5 n. 2. Further, Plaintiff counsel has, by her inadequate record-keeping practices (discussed further below) and inadequate briefing, made it difficult for the Court to determine a reasonable percentage to assign to the IEE issue. The Supreme Court in *Hensley* quoted with approval a First Circuit opinion, warning counsel that,

> As for the future, we would not view with sympathy any claim that a district court abused its discretion in awarding unreasonably low attorney's fees in a suit in which plaintiffs were only partially successful if counsel's records do not provide a proper basis for determining how much time was spent on particular claims.

*Hensley*, 461 U.S. at 437 n. 12 (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 279 (1st Cir. 1978)). Here, Plaintiff counsel has been given every opportunity to provide the Court with a proper basis for determining how much of her time was expended on the IEE issue, and she has failed to do so.

Accordingly, the Court will adopt Defendants' uncontested calculation that the IEE issue represented one-sixteenth of the substantive issues at bar, and apply the percentage reduction procedure prescribed by *Hensley*. *See* 461 U.S. at 436-37. The running total of 89.5 hours will be divided by sixteen, with the resultant figure of 5.6 hours representing the number of claimed, adjusted hours expended on the IEE issue. 5.6 hours at a rate of $200 per hour results in a "lodestar figure" of $1,120 for reasonably incurred attorney fees in this matter.

### D. Further Adjustments to Attorney's Fees

The work log appended to the instant Motion is identical to that appended to the first Motion for fees, but Plaintiff counsel now maintains that this work log was itself "the contemporaneous

record and was immediately updated as to the hours that were completed, the hours that were expended in the effort and work done." Doc. 53 at 6. While the format of the work log, as filed, does not suggest that it was derived contemporaneously, the Court takes Plaintiff counsel at her word, and accepts this work log as a contemporaneous record of the labor expended on Plaintiff's behalf.

However, even accepted as contemporaneous, this work log does not meet the well-established *Carey* standards of the Second Circuit. As discussed in the Court's prior Order, the proffered work log is exceedingly vague, does not adequately characterize the "nature of the work done," and contains multiple entries which do not so much as indicate the *date* on which the claimed hours were accrued. *See* Doc. 49 at 4-5; Doc. 53 at 9. Accordingly, Plaintiff's award will be reduced by ten percent, a discount applied by a number of courts confronting similarly vague record keeping. *See, e.g., Conn. Hosp. Ass'n v. O'Neill*, 891 F.Supp. 687, 691 (D. Conn. 1994); *Gonzalez v. Town of Stratford*, 830 F. Supp. 111, 114 (D. Conn. 1992); *U.S. Football League v. Nat'l Football League*, 704 F. Supp. 474, 477 (S.D.N.Y. 1989), *judgment aff'd*, 887 F.2d 408.

Adjusting the lodestar figure of $1,120 by ten percent for vagueness results in a reasonable attorney's fee of $1,008 in this matter.

### IV. CONCLUSION

The Defendants are ORDERED to transmit to the Plaintiff the amount of $1,008.00, representing reasonable attorney's fees as to the IEE issue. Defendants are further directed to certify with the Court, in the form of an affidavit, their full compliance with the terms of this ruling on or before July 31, 2017, or otherwise inform the Court why compliance by that date is not feasible.

It is SO ORDERED.

Dated: New Haven, Connecticut
       July 17, 2017

                                                        */s/ Charles S. Haight, Jr.*
                                                        Charles S. Haight, Jr.
                                                        Senior United States District Judge